Ana María Sugar Co., Inc., demandante y apelada, *v.* Automobile Insurance Company, demandada y apelante.

No. 4931.—*Sometido:* Noviembre 25, 1930. *Resuelto:* Noviembre 20, 1931.

*Dubón & Ochoteco,* abogados de la apelante; *J. Alemañy Sosa,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Un número de edificios con sus anexos, maquinaria y otras propiedades, conocido todo ello como la Central Ana María, fué asegurado contra pérdida directa o avería a causa de tormenta, ciclón o tornado hasta la suma de $150,000 en dos compañías distintas. Cada compañía asumió la mitad del riesgo. La demandada en el caso de autos apela de una sentencia adversa por una cantidad que representa la mitad del valor de una chimenea que se alega fué derribada por un viento fuerte. La póliza contiene una cláusula que lee en parte así: "Pérdida o avería a chimeneas, cañones de chimeneas, sombreretes, ventiladores, goteras, vertedores, tubería; y daños a o por tablas, tejamaniles, ladrillos, láminas de hierro acanalado, esquistos o tejas que estén flojos y defectiva o imperfectamente colocados; cristales en puertas, ventanas y tragaluces no están cubiertos por esta póliza excepto en caso de huracanes, ciclones, tornados o tormentas oficialmente registrados por el Negociado del Tiempo de los Estados Unidos, o el funcionario oficial responsable en Puerto Rico."

La corte de distrito interpretó esta cláusula como referente sólo a bienes ubicados en la vecindad inmediata de una estación del Negociado del Tiempo, o a casos en que el disturbio hubiera tenido necesariamente que ser registrado por tal estación. Interpretarla de otro modo sería, a juicio del juez de distrito, sancionar un contrato por virtud del cual al asegurado se le exige el pago de una prima y la compañía de seguros queda relevada de toda responsabilidad por la pérdida o deterioro de la propiedad asegurada.

Parécenos que el lenguaje usado no admite la interpretación que se le ha dado. La cláusula trata específicamente de

ciertas clases de propiedad sin hacer referencia alguna a su ubicación. Las clases enumeradas son, o bien peculiarmente susceptibles de pérdida o avería por el viento, o muy propensas a causar daño cuando se las lleva el viento. El fin obvio de la cláusula fué fijar ciertas limitaciones sobre un riesgo que la compañía no estaba dispuesta a asumir sin tal reserva, y no el de eximir a la compañía de toda responsabilidad. En cuanto a las chimeneas en cuestión, la compañía asumió el riesgo de toda pérdida o avería ocasionada por cualquier tormenta, ciclón o tornado oficialmente registrado por el Negociado del Tiempo. Expresamente estipuló que no sería responsable de la pérdida de tales chimeneas o del daño causado a las mismas por cualquier tornado, ciclón o tormenta que no fuera así registrado. Darle efecto a esta estipulación es resolver simplemente que las partes están obligadas por el contrato por ellas celebrado, y no sancionar un contrato por virtud del cual al asegurado se le requiera el pago de una prima y la compañía quede exenta de toda responsabilidad. Ignorar la estipulación, o descartarla, sería hacer un nuevo contrato para las partes, mas no hacer cumplir responsabilidad alguna asumida por la compañía.

Es un hecho incontrovertido que la tormenta en cuestión no fué registrada oficialmente por el Negociado del Tiempo de los Estados Unidos ni por ningún funcionario responsable del Gobierno de Puerto Rico.

*Debe revocarse la sentencia apelada y desestimarse la acción.*